IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN JOSE RESENDEZ, | § | |
| TDCJ-CID NO. 1402366, | § | |
|        Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-09-3518 |
| | § | |
| RICK THALER, | § | |
|        Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Juan Jose Resendez, an inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ('TDCJ-CID'), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his felony conviction for possession of over 400 grams of cocaine with intent to deliver in cause number 1037131. (Docket Entries No.1, No.2). Respondent has filed a motion for summary judgment. (Docket Entry No.11). Petitioner has filed a response to the motion. (Docket Entry No.14). After considering all of the pleadings and the entire record, the Court will grant respondent's motion for summary judgment and deny petitioner federal habeas relief.

I. BACKGROUND AND PROCEDURAL HISTORY

A jury in the 180th Criminal District Court of Harris County, Texas, heard the following evidence as summarized by the Fourteenth Court of Appeals for the State of Texas:

> On August 11, 2005, appellant was stopped by Officer John Oakley for a traffic violation. When the officer approached appellant's vehicle, he smelled the odor of marijuana. He asked for appellant's consent to search the vehicle, and appellant provided both verbal and written consent to search. Officer Oakley found a bag of marijuana and several thousand dollars in appellant's vehicle. An inventory search of appellant's vehicle was also performed, during which bags of cocaine were found hidden underneath the carpet.

Officer Michael Biggs spoke to appellant at the police station and obtained consent to search his residence at 1215 Witter in Pasadena.  During the search of appellant's residence on 1215 Witter, Officer Jason Bright found cocaine packaged in small plastic bags, a digital scale, and a larger bag with cocaine residue.

Subsequently, police learned that appellant had another home with his wife on 413 Alastair in Pasadena.  Appellant's wife, Gina Resendez, gave police consent to search the residence.  She led Officer Raymond Garivey to the bedroom and pulled out the bottom drawer of a dresser, under which lay two bricks of cocaine.  One brick weighed 975.2 grams, and the other brick weighed 974.6 grams.  Gina Resendez showed Officer Garivey two safes in the bathroom that held approximately $18,000 in cash, jewelry, and paperwork.  She further directed Officer Biggs to the attic where he recovered two lockboxes containing $135,000 in cash and a digital scale.

Appellant gave a voluntary written statement to police admitting the cocaine found in both houses belonged to him and outlining his narcotics operation for police.  In total, police recovered approximately 1,975 grams of cocaine.

*Resendez v. State*, No. 14-06-01025-CR, 2008 WL 878957 at *1 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd).  The jury found petitioner guilty of possession of over 400 grams of cocaine with intent to distribute and sentenced him to life imprisonment and assessed a $250,000 fine. *Id.*

On direct appeal, petitioner complained that the jury verdict constituted cruel and unusual punishment, the state district court abused its discretion in denying his motion to suppress evidence, and the evidence was factually insufficient to support his conviction. *Id.*  The state intermediate appellate court affirmed the conviction. *Id.*  The Texas Court of Criminal Appeals refused his petitioner's petition for discretionary review. *Resendez v. State*, No. PD-671-08.

Petitioner challenged his conviction in state habeas proceedings on the ground that the evidence upon which he was convicted was illegally obtained in violation of the Fourth

2

Amendment and the Texas Constitution.  *Ex parte Resendez*, Application No.WR-72,439-01, pages 2-30.  The state district court, sitting as a habeas court, found no controverted, previously unresolved facts material to the legality of petitioner's confinement that required an evidentiary hearing and recommended that relief be denied because petitioner's challenge to an improper search and seizure is not cognizable in a post-conviction habeas proceeding.  *Id.*, page 49.  The Texas Court of Criminal Appeals denied the application without a written order on the findings of the trial court without a hearing.  *Id.* at Action Taken Page.

Petitioner seeks federal habeas relief on the ground that the evidence upon which he was convicted was obtained in violation of the Fourth Amendment and the Texas Constitution.  (Docket Entry No.1).

Respondent moves for summary judgment on the ground that petitioner is barred from obtaining relief by federal habeas corpus on a Fourth Amendment claim and seeks dismissal of such claim.  (Docket Entry No.11).

## II. DISCUSSION

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56.  The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material

3

fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000). In this case, petitioner presented claims in his petition for discretionary review and state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). Therefore, only such claims properly raised by petitioner in petition for discretionary review and his state habeas application have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) holds that this Court shall not grant relief unless the state court's adjudication:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

28 U.S.C. § 2254(d)(1), (2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2).  *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness."  *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)).  Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning."  *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers")).

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams*, 529 U.S. at 413.  A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  To be unreasonable, the state decision must be more than merely incorrect.  *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).  A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  *Id.*  Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d

661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 2254 Cases in District Courts). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

Petitioner argues that the evidence used to obtain his conviction should be suppressed because it was seized in violation of the Fourteenth and Fourth Amendments. (Docket Entries No.1, No.2, No.14).

6

Fourth Amendment violations are generally not cognizable on federal habeas review. *Stone v. Powell*, 428 U.S. 465 (1976). "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494 (footnotes omitted).  Moreover, when the "state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978); *ShisInday v. Quarterman*, 511 F.3d 514, 524-525 (5th Cir. 2007).  Accordingly, "if state procedures afford the defendant in a criminal case the opportunity to (fully and fairly) litigate whether evidence obtained in violation of the Fourth Amendment should be excluded . . . then *Stone v. Powell* precludes federal habeas consideration of those issues whether or not the defendant avails himself of that opportunity." *Caver*, 577 F.2d at 1193; *ShisInday*, 511 F.3d at 525; *Janeka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002).  Thus, all that is required for the application of *Stone* is the opportunity to present a Fourth Amendment claim to the state trial court and the availability of meaningful appellate review, whether the defendant avails himself of that opportunity.  *Caver*, 577 F.2d at 1191-192.

The record here reflects that petitioner challenged the search of his vehicle and residences and the seizure of evidence introduced against him at trial by an unsuccessful pre-trial motion to suppress and suppression hearing.  *Resendez v. State*, No. 14-06-01025-CR, Clerk's Record, pages 56-57, 73-74; Reporter's Record, Volume 3, Motion to Suppress.  The state intermediate appellate court upheld the adverse ruling on direct appeal.  *Id.* 2008 WL 878957 at *2-4.  Petitioner challenged the denial of his motion to suppress evidence in his petition for

discretionary review, which the Texas Court of Criminal Appeals refused.  Therefore, the Texas state courts afforded petitioner the opportunity to litigate the allegedly unlawful search and seizure, and petitioner availed himself of that opportunity.  That petitioner may disagree with the state court's decision or cry that the hearing was unfair (Docket Entry No.14) is not sufficient to overcome the *Stone* bar.  *Janeka*, 301 F.3d at 320.  Accordingly, petitioner's claim that the evidence used against him at trial was obtained in violation of the Fourth Amendment is barred and the claim is not cognizable on federal habeas review.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.§2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For the

reasons set out in the Court's Opinion on Dismissal, the Court concludes that a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the state proceedings, the Court ORDERS the following:

1.  Respondent's motion for summary judgment (Docket Entry No.11) is GRANTED.

2.  Petitioner's petition for federal habeas relief is DENIED.

3.  A certificate of appealability is DENIED.

4.  All other pending motions, if any, are DENIED.

5.  This habeas action is DISMISSED with prejudice.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 1st day of March, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE